[Cite as *State v. Workman*, 2026-Ohio-2099.]

## IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## FAIRFIELD COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2026 CA 004 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025 CR 0196 |
| JOSHUA A. WORKMAN | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: June 3, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** R. KYLE WITT, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant Joshua Workman appeals the January 6, 2026 judgment of conviction and sentence of the Fairfield County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### Facts and Procedural History

{¶ 2} On December 24, 2024, Fairfield County Sheriff's Deputy Justin Mann was on routine patrol at 1:30 a.m. when he observed a Dodge Ram pick-up truck traveling east on I-70 without a visible license plate. Mann initiated a traffic stop as the driver pulled into a gas station.

{¶ 3} Deputy Mann had to get very close to the rear cab of the truck before he could make out a temporary tag which was taped to the inside of the rear tinted window of the truck. The driver was Jessica Mullins. Workman was in the passenger seat. Mann

requested Mullins' registration, proof of insurance and identification from both occupants. Mullins was unable to provide registration, or proof of insurance. She told Mann that Workman's mother had coverage on the truck. She handed Mann identification for herself and Workman, but the identification she provided for Workman was for a person by the name of Marion Marian.

{¶ 4} Deputy Mann ran the tag number on the truck and identification for both parties. He was advised by dispatch that Marion Marian had an active warrant for his arrest. Based on this information, Mann placed Workman in custody and placed him in his cruiser. Upon getting Workman out of the truck, he observed drug paraphernalia in plain view in the passenger side door pocket. He therefore conducted a probable cause search during which he discovered controlled substances. Workman took responsibility for the drugs.

{¶ 5} Workman was subsequently charged with one count of aggravated possession of drugs, a felony of the third degree, and one count of possession of cocaine, a felony of the fifth degree.

{¶ 6} Workman pled not guilty to the charges and filed a motion to suppress. A hearing on the motion took place on October 1, 2025. Deputy Mann testified on behalf of the State and his body camera footage was played for the trial court. At the conclusion of the hearing, the trial court denied Workman's motion. Workman subsequently entered pleas of no contest and was sentenced to an aggregate prison term of 36 months.

{¶ 7} Workman filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 8} "THE TRIAL COURT ERRED WHEN IT OVERRULED WORKMAN'S MOTION TO SUPPRESS."

{¶ 9} In his sole assignment of error, Workman argues the trial court erred in overruling his motion to suppress. We disagree.

Standard of Review

{¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982); *State v. Klein*, 73 Ohio App.3d 486 (1991); *State v. Guysinger*, 86 Ohio App.3d 592 (1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93 (1994); *State v. Claytor,* 85 Ohio App.3d 623 (1993); *Guysinger*, supra. As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 11}    When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See *State v. Dunlap*, 73 Ohio St.3d 308, 314; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982).

### Workman's Argument

{¶ 12}    Here, Workman challenges the trial court's findings of fact. Specifically, he disagrees with the trial court's finding that there was a violation of R.C. 4503.21. He argues because there was no violation of R.C. 4503.21, there was no justification for the deputy to prolong the stop or ask Mullins or Workman for identification.

{¶ 13}    As noted above, we review such a challenge under a manifest weight standard. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 14}  R.C. 4503.21(3) and (4) provide:

(3) Subject to section 4503.211 of the Revised Code, no person to whom a temporary motor vehicle license registration has been issued for the use of a motor vehicle under section 4503.182 of the Revised Code, and no operator of that motor vehicle, shall fail to display the temporary motor

vehicle license registration in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle.

(4) No person shall cover a temporary motor vehicle license registration by any material that obstructs its visibility.

{¶ 15} Deputy Mann testified that the truck Workman was riding in drew his attention because he noticed it did not have a license plate displayed. Transcript of suppression hearing (T.) at 11. Mann therefore conducted a traffic stop. T. 13. During the suppression hearing, the State played Mann's body camera footage, which we have reviewed. The stop took place at 1:30 a.m. The driver of the truck pulled in to a well-lit gas station. State's exhibit A. While the video shows a temporary tag displayed in the rear window of the truck, it is obscured by the window tint. *Id.* Mann testified he could not read the tag until he was standing beside the truck and, "within an arm's reach." T. 13-14.

{¶ 16} Deputy Mann then approached the driver, Mullins, and asked for her registration and proof of insurance. Mullins could not initially produce her registration and indicated she was "between insurance." While gesturing toward Workman, she stated Workman's mother had insurance coverage on the truck. State's exhibit A. Mann then asked for Workman's identification. Mullins handed an identification card to Mann that belonged to a Marion Marian, not Workman, as well as her own identification which was a paper driver's license. *Id.*, T. 22.

{¶ 17} When Deputy Mann checked the identification for Marian, he discovered Marian had an active warrant. Mann therefore asked Workman to exit the truck and sit in his cruiser until he could sort the situation. When Workman opened the passenger door of the truck, drug paraphernalia was clearly visible in the inside door pocket. Mann

therefore performed a probable cause search during which he found drug paraphernalia, crack cocaine, and methamphetamine. Even though the methamphetamine was found in Mullins' purse, Workman took ownership of the same. State's exhibit A.

Workman's Argument

{¶ 18} Workman argues the record reflects no violation of R.C. 4503.21 and therefore Deputy Mann impermissibly extended the stop in order to turn the stop into a fishing expedition after his initial suspicion and cause for the traffic stop evaporated. Yet Mann clearly testified he was unable to read the temporary tag taped to the inside of a rear window of the truck until he was beside the truck due to dark window tint. Further, the rear exterior of the cab was not illuminated. T. 14.

{¶ 19} Workman likens his case to *U.S. v. Jones*, 479 F. Appx. 705 (6th Cir. 2012). In that matter, the court found it is "clear from existing Ohio law that an unobstructed and unilluminated temporary license plate affixed to a vehicle's rear window that was both visible and legible from the rear of the vehicle did not violate R.C. 4503.21." But here, Mann testified the tag was not visible and legible from the rear of the vehicle. He testified it was not visible or legible as he was seated in his cruiser behind the vehicle, and he could not make out the tag until he was beside the vehicle "within an arm's reach." T. 14.

{¶ 20} Deputy Mann's credibility was a matter for the trial court to determine. Given Mann's testimony and video corroboration, which the trial court viewed, we find no error in the trial court's factual findings. This is not, therefore, an exceptional case in which the evidence weighs heavily against the trial court's decision that a violation of R.C. 4503.21 occurred. Judgment entry denying motion to suppress, docket item 31, at 2, 4-5.

{¶ 21} Workman's sole assignment of error is overruled.

{¶ 22} For the reasons stated in our accompanying Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed.

{¶ 23} Costs to Appellant.

By: King, P. J.

Hoffman, J. and

Montgomery, J. concur.